### Charley Harris v. The State.

#### No. 4710.   Decided November 21, 1917.

**1.—Gaming—Insufficiency of the Evidence—Private Residence.**

Where, upon trial of gaming, the State's case was that card games were played in a house which was not then and there a private residence, and the evidence showed that the gaming, if any occurred, took place in a tent, occupied by a man and his wife, and the evidence was otherwise insufficient to show that a game of cards was played, the conviction could not be sustained.   Following Purvis v. State, 62 Texas Crim. Rep., 302.

**2.—Same—Being Present in a Place of Gaming—Statutes Construed.**

If defendant engaged in the game of cards he could not be charged under the statute which prohibits his being present in a place where gambling is being carried on, as these two statutes define separate and distinct offenses, and the latter statute was intended to apply to parties who are present and not engaged in the game but looking on.

Appeal from the County Court of Cottle.   Tried below before the Hon. W. O. Jones.

Appeal from a conviction of gaming; penalty, a fine of ten dollars. The opinion states the case.

*C. C. Renfro* and *J. M. Hawkins,* for appellant.—Cited Bowen v. State, 65 Texas Crim. Rep., 46, 153 S. W. Rep., 306, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—The prosecution is predicated upon three counts.   The first charges that appellant did unlawfully play at a game played with cards at a place which was not then and there a private residence and occupied by a family; the second, that appellant did unlawfully bet money at a game played with cards at a place which was not then and there a private residence and occupied by a family, and the third, that appellant went into and remained in a place where a game with cards was then and there being played, and which said place was not then and there a private residence and occupied by a family.

The evidence shows that there were twelve or fourteen negroes working under the employment of a certain party and occupied a couple

of tents; that one of these tents was occupied by a man and his wife as their residence, but the evidence does not definitely show which tent was so occupied. The men were inmates of the place and slept and took their meals there. The evidence is barely sufficient, if at all sufficient, to show that there was card playing. Purvis v. State, 62 Texas Crim. Rep., 302. Nobody testified to seeing a game played, and the strength of the evidence is found in the fact that some negroes were seen in one of the tents. One witness saw defendant with cards in his hands and money in his shirt pocket. Purvis case, supra. Another witness testified he saw some money on a bed. We are of opinion that this evidence is not sufficient to support the judgment as well from what has been stated as from the further fact that it was a private residence. There is no allegation to the effect that this private residence was a place of common resort, or that intoxicants were sold. The State's case is that card games were played in a house which was not then and there a private residence. We are of opinion under the decisions that this was a private residence. Hipp v. State, 45 Texas Crim. Rep., 200.

It is also suggested for reversal that the third count, towit: remaining in a place where parties were gambling, should not have been charged or submitted to the jury. If appellant engaged in the game he could not be charged under the statute which prohibits his being present in a place where gambling is being carried on. These statutes are different and intended to cover different aspects of the law. If he was engaged in the game, of course he would be present, but that statute was intended to apply to those parties who were present and not engaged in the game but looking on. From any viewpoint of this case we think the conviction should not have been obtained. The judgment is reversed and the cause remanded.

*Reversed and remanded.*